**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF VIRGINIA**

**Richmond Division**

| | |
|---|---|
| **KACI SMITH,**<br>**Plaintiff,**<br>**v.**<br>**CITIZENS AND FARMERS BANK**<br>**and**<br>**TERRY ANG,**<br>**Defendants.** | **Case No.: 3:13-cv-00550** |

**<u>DEFENDANT CITIZENS AND FARMERS BANK'S ANSWER</u>**

Comes now Defendant Citizens and Farmers Bank ("Bank"), by counsel, and for its Answer to Plaintiff Kaci Smith's Complaint, states as follows:

**<u>Nature of Action</u>**

1. Paragraph 1 of the Complaint contains legal conclusions which require no answer.

2. Paragraph 2 of the Complaint contains legal conclusions which require no answer.

**<u>Parties</u>**

3. Defendant admits Paragraph 3 of the Complaint.

4. Defendant admits Paragraph 4 of the Complaint.

5. Defendant admits Paragraph 5 of the Complaint.

6. Defendant admits that it does business in Henrico County, Virginia. Defendant denies that it does business “throughout” Virginia.

7. Defendant denies that it is a regional bank. Defendant states that it is a community bank.

8. Defendant denies that it has over 500 employees. Defendant states that it has more than 15 and less than 300 employees. Defendant admits the enactment of Title VII and states that the statute speaks for itself.

9. Defendant denies the allegations of Paragraph 9 of the Complaint.

10. Defendant admits that Terry Ang is a male adult citizen of Virginia and is a former employee of the Bank. Defendant has no knowledge of his current residence.

**Facts Alleged**

11. Defendant admits the allegations of Paragraph 11 of the Complaint except that Defendant states Plaintiff was hired as a part-time teller.

12. Defendant admits that sometime in October 2012 it promoted Plaintiff to Senior Teller. Defendant states that she had previously been promoted from part-time Teller to Teller.

13. Defendant admits the allegations of Paragraph 13 of the Complaint.

14. Defendant denies the allegations of Paragraph 14 of the Complaint. Defendant states that it generally employed five (5) employees at its Mechanicsville branch.

15. Defendant denies the allegations of paragraph 15 of the Complaint. Defendant states that Ryan Melcher, an adult male, came to its Mechanicsville branch as Assistant Manager in August 2010. He was promoted to Branch Manager in October 2011. He was Plaintiff's manager throughout her employment.

16. Defendant denies the allegations of Paragraph 16 of the Complaint.

17. Defendant denies the allegations of Paragraph 17 of the Complaint.

18. Defendant denies the allegations of Paragraph 18 of the Complaint. Defendant states that on one occasion Mr. Melcher notified his direct manager, Teresa Weaver, that Plaintiff had taken a day off work after giving approximately one hour's notice that same day.

19. Defendant denies the allegations of Paragraph 19 of the Complaint.

20. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same. Defendant states that it only became aware of these allegations on and after Wednesday, October 17, 2012.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.

22. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.

23. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.

24. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.

25. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.

26. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.

27. Defendant denies the allegations of paragraph 27 of the Complaint. Defendant states that sometime in the summer of 2012 plaintiff complained to Mr. Melcher that Mr. Ang was "nitpicking" her work and being overly critical. She said she wanted to transfer to another branch. She did not say that she was being sexually harassed in any way.

28. Defendant denies the allegations of paragraph 28 of the Complaint.

29. Defendant denies the allegations of paragraph 29 of the Complaint.

30. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.

31. Defendant denies the allegations of paragraph 31 of the Complaint.

32. Defendant denies the allegations of paragraph 32 of the Complaint.

33. Defendant denies the allegations of paragraph 33 of the Complaint.

34. Defendant denies the allegations of paragraph 34 of the Complaint.

35. Defendant denies the allegations of paragraph 35 of the Complaint.

36. Defendant denies the allegations of paragraph 36 of the Complaint.

37. Defendant denies the allegations of paragraph 37 of the Complaint.

38. Defendant denies the allegations of paragraph 38 of the Complaint. Defendant states that Ms. Smith's boyfriend, Mr. Livingood, talked with Mr. Melcher at the Mechanicsville branch on Wednesday, October 17, 2012.

39. Defendant denies the allegations of paragraph 39 of the Complaint.

40. Defendant denies the allegations of paragraph 40 of the Complaint.

41. Defendant denies the allegations of paragraph 41 of the Complaint.

42. Defendant denies the allegations of paragraph 42 of the Complaint.

43. Defendant denies the allegations of paragraph 43 of the Complaint.

44. Defendant denies the allegations of paragraph 44 of the Complaint.

45. Defendant denies the allegations of paragraph 45 of the Complaint.

46. Defendant admits that Mr. Ang never returned to work after he was suspended on October 18, 2012. Defendant denies that he was "permitted to resign." Defendant states that Mr. Ang resigned.

47. Defendant denies the allegations of paragraph 47 of the Complaint.

48. Defendant denies the allegations of paragraph 48 of the Complaint.

49. Defendant denies the allegations of paragraph 49 of the Complaint.

50. Defendant denies the allegations of paragraph 50 of the Complaint.

51. Defendant denies the allegations of paragraph 51 of the Complaint.

52. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.

53. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.

54. Defendant admits that on November 20, 2012, Smith gave her notice of resignation from the Bank to Mr. Melcher.  Defendant denies the remaining allegations in this paragraph.

55. Defendant denies the allegations of paragraph 55 of the Complaint.

56. Defendant denies the allegations of paragraph 56 of the Complaint.

57. Defendant denies the allegations of paragraph 57 of the Complaint.

58. Defendant denies the allegations of paragraph 58 of the Complaint.

59. Defendant denies the allegations of paragraph 59 of the Complaint.

60. Defendant denies the allegations of paragraph 60 of the Complaint.

61. Defendant denies the allegations of paragraph 61 of the Complaint.

**Title VII Prerequisites**

62. Defendant admits that Plaintiff filed a charge with the EEOC. Defendant states that the charge speaks for itself.

63. . Defendant admits that Plaintiff filed a charge with the EEOC. Defendant states that the charge speaks for itself.

64. Defendant admits the allegations of paragraph 64 of the Complaint.

65. Defendant admits the allegations of paragraph 65 of the Complaint.

**Causes of Action Against CFB**

**Count One: Title VII: Sexual Harassment**

66. Defendant denies the allegations of paragraph 66 of the Complaint.

67. Defendant denies the allegations of paragraph 67 of the Complaint.

**Count Two: Title VII: Retaliation**

68. Defendant denies the allegations of paragraph 68 of the Complaint.

69. Defendant denies the allegations of paragraph 69 of the Complaint.

**Count Three: Title VII: Constructive Wrongful Discharge**

70. Defendant denies the allegations of paragraph 70 of the Complaint.

71. Defendant denies the allegations of paragraph 71 of the Complaint.

**Count Four: Title VII: Negligent Retention**

72. Defendant denies the allegations of paragraph 72 of the Complaint.

73. Defendant denies the allegations of paragraph 73 of the Complaint.

**<u>Causes of Action Against CFB and Ang</u>**

**Count Five: Assault**

74. Defendant denies the allegations of paragraph 74 of the Complaint.

75. Defendant denies the allegations of paragraph 75 of the Complaint.

76. Defendant denies the allegations of paragraph 76 of the Complaint.

**Count Six: Battery**

77. Defendant denies the allegations of paragraph 77 of the Complaint.

78. Defendant denies the allegations of paragraph 78 of the Complaint.

79. Defendant denies the allegations of paragraph 79 of the Complaint.

**<u>Jury Demand</u>**

80. Defendant demands trial by jury.

**<u>Prayer for Relief</u>**

81. Defendant denies that Plaintiff has asserted any claim against it that could support any judgment in her favor against the Bank. Defendant denies that Ms. Smith is entitled to any relief requested by her, including the relief requested in her Complaint, or to any relief whatever.

## AFFIRMATIVE AND OTHER DEFENSES

**First Defense**

Plaintiff has failed to state a claim upon which relief can be granted on all claims, including claims brought under Title VII of the Civil Rights Act of 1964, as amended.

**Second Defense**

The Complaint fails to state a claim against Defendant upon which relief can be granted under Title VII because Defendant's treatment of Plaintiff was based upon reasonable, legitimate, non-discriminatory and non-retaliatory factors.

**Third Defense**

Some or all of Plaintiff's claims are barred because Defendant maintained, disseminated and enforced a clear policy against harassment establishing reasonable and effective means of reporting and seeking relief from conduct believed to be harassing or discriminatory or retaliatory and because Defendant acted in accordance with this policy at all times.

**Fourth Defense**

Even if any alleged harassment, discrimination or retaliation occurred, *which Defendant denies,* some or all of Plaintiff's claims are barred to the extent that she failed to put Defendant on notice of the alleged misconduct in a timely manner, failed to take advantage of preventative or corrective opportunities provided by Defendant, and failed to provide Defendant a reasonable opportunity to stop or correct the alleged misconduct and/or to remedy the alleged harm.

**Fifth Defense**

Some or all of Plaintiff's claims are barred because, to the extent Plaintiff, or anyone acting on her behalf, reported any alleged harassment, discrimination or retaliation , Defendant promptly investigated the report and took prompt and appropriate remedial action.

**Sixth Defense**

Plaintiff's claims are barred to the extent she consented to or participated in the alleged wrongful acts complained of.

**Seventh Defense**

Plaintiff's claims are barred to the extent she consented to the alleged conduct claimed to be sexual harassment by Defendant's employee and to the extent that the alleged conduct by Defendant's employee was not unwelcome by Plaintiff.

**Eighth Defense**

Plaintiff's claims of unlawful harassment are barred to the extent she was not actually offended by the alleged wrongful acts complained of.

**Ninth Defense**

Plaintiff is not entitled to some or all of the relief requested in the Complaint because, even if any unlawful discrimination or harassment occurred, *which Defendant denies*, such conduct was prohibited by Defendant's policies and was not committed, countenanced, ratified, or approved by higher management in Defendant's corporate structure.

**Tenth Defense**

To the extent that Mr. Ang's actions toward Plaintiff constitute assault, which they do not, he was acting outside the scope of his employment with Defendant.

**Eleventh Defense**

To the extent that Mr. Ang's actions toward Plaintiff constitute battery, which they do not, he was acting outside the scope of his employment with Defendant.

**Twelfth Defense**

Plaintiff's claims are barred in whole or in part because the alleged wrongful acts of Defendant's employee Mr. Ang were outside the course and scope of his employment, were not in furtherance of Defendant's business, and were contrary to Defendant's good faith efforts to comply with all applicable laws.

**Thirteenth Defense**

Plaintiff has failed to mitigate damages, in whole or in part, that she allegedly incurred.

**Fourteenth Defense**

Plaintiff's claims are barred in whole or in part by her own misconduct.

**Fifteenth Defense**

Plaintiff is not entitled to the relief requested because the decisions made and actions taken about which she complains were not malicious, egregious, in bad faith, or in willful or reckless indifference or disregard of any legal right of Plaintiff.

**Sixteenth Defense**

Plaintiff's recovery is limited by the damages caps contained in Title VII of the Civil Rights Act of 1964, as amended, and any other applicable statutory or common law damage limitations.

**Additional Defenses**

Defendant reserves the right to assert additional affirmative or other defenses based on the facts, law, or circumstances which may be disclosed during this matter.

WHEREFORE, Defendant, Citizens and Farmers Bank, demands judgment against Plaintiff as follows:

1) Dismiss the Complaint in its entirety;

2.) Award Defendant Citizens and Farmers Bank the reasonable costs, including attorney's fees, expended in defending this action; and

3.) Grant Defendant Citizens and Farmers Bank such other and further relief as the Court may deem just and proper.

Respectfully submitted,

**CITIZENS AND FARMERS BANK**

By: **___/s/ Jack W. Burtch, Jr.____**

Jack W. Burtch, Jr. (VSB No. 13217)
Douglas R. Burtch (VSB No. 65316)
Macaulay & Burtch, P.C.
1015 East Main Street
P.O. Box 8088 (use for mail)
Richmond, Virginia23223-0088
Telephone: 804.649.4009
Facsimile: 804.649.3854
jburtch@macbur.com
dburtch@macbur.com

*Counsel for Defendant Citizens and Farmers Bank*

**CERTIFICATE OF SERVICE**

I certify that on this 23rd day of August, 2013, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will then send a notification and copy of such filing to:

David R. Simonsen, Jr., Esquire
8003 Franklin Farms Drive, Suite 131
Richmond VA 23229
*Counsel for Plaintiff Kaci Smith*

Craig J. Curwood
Curwood Law Firm, PLC
707 East Main Street, Suite 1025
Richmond, Virginia 23219
*Counsel for Defendant Terry Ang*

**/s/__Jack W. Burtch, Jr.________**
Jack W. Burtch, Jr. (VSB No. 13217)
Douglas R. Burtch (VSB No. 65316)
Macaulay & Burtch, P.C.
1015 East Main Street
P.O. Box 8088 (use for mail)
Richmond, Virginia 23223-0088
Telephone: 804.649.4009
Facsimile: 804.649.3854
jburtch@macbur.com
dburtch@macbur.com

*Counsel for Defendant Citizens and Farmers Bank*