# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF VIRGINIA

### Richmond Division

| | |
|---|---|
| KACI SMITH,<br><br>    Plaintiff,<br><br>       v.<br><br>CITIZENS AND FARMERS BANK<br><br>      and<br><br>TERRY ANG,<br><br>    Defendants. | Case No.:   <u>3:13-cv-00550</u> |

## <u>DEFENDANT TERRY ANG'S ANSWER</u>

Comes now Defendant Terry Ang ("Ang"), by counsel, and for his Answer to Plaintiff Kaci Smith's Complaint, states as follows:

### <u>Nature of Action</u>

1. Paragraph 1 of the Complaint contains legal conclusions which require no answer.

2. Paragraph 2 of the Complaint contains legal conclusions which require no answer.

### <u>Parties</u>

3. Defendant admits Paragraph 3 of the Complaint.

4. Defendant admits Paragraph 4 of the Complaint.

5.  Defendant admits Paragraph 5 of the Complaint.

6.  Defendant admits that CFB does business in Henrico County, Virginia.  Defendant denies that CFB does business "throughout" Virginia.

7.  Defendant denies that CFB is a regional bank.  Defendant states that CFB is a community bank.

8.  Defendant is without knowledge or information sufficient to form a belief as to the number of employees employed by CFB and, therefore, denies same. Defendant admits the enactment of Title VII and states that the statute speaks for itself.

9.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.

10.  Defendant admits that he is a male adult citizen of Virginia. He formerly resided in the County of Chesterfield, but now resides in the City of Manassas.

## Facts Alleged

11.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.

12.  Defendant admits that Plaintiff was employed as a Senior Teller, but does not know when she was hired at that position.

13.  Defendant admits the allegations of Paragraph 13 of the Complaint.

14.  Defendant admits the allegations of Paragraph 14 of the Complaint.

15.   Defendant admits that Melcher was a Branch Manager with CFB but does not know when he began employment in this position.

16.   Defendant denies the allegations of Paragraph 16 of the Complaint.

17.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.

18.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.

19.   Defendant denies the allegations of Paragraph 19 of the Complaint.

20.   Defendant admits making comments of a sexual nature to Plaintiff but denies such comments were unwelcome or offensive. Defendant states Plaintiff frequently made comments of a sexual nature to Defendant.

21.   Defendant admits making comments of a sexual nature to Plaintiff but denies such comments were unwelcome or offensive. Defendant states Plaintiff frequently made comments of a sexual nature to Defendant.

22.   Defendant denies the allegations of Paragraph 22 of the Complaint.

23.   Defendant admits to physical contact and hugging Plaintiff, but denies such physical contact was unwelcome or offensive. Defendant states Plaintiff frequently engaged in physical contact with Defendant.

24.   Defendant denies the allegations of Paragraph 24 of the Complaint.

25.  Defendant denies the allegations of Paragraph 25 of the Complaint.

26.  Defendant denies the allegations of Paragraph 26 of the Complaint.

27.  Defendant denies the allegations of Paragraph 27 of the Complaint.

28.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.

29.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.

30.  Defendant denies the allegations of paragraph 30 of the Complaint.

31.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.

32. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.

33.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.

34.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.

35. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.

36. Defendant denies the allegations of paragraph 36 of the Complaint.

37.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.

38.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.

39.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.

40.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.

41.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.

42.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.

43.  Defendant denies the allegations of paragraph 43 of the Complaint.

44.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.

45.  Defendant denies the allegations of paragraph 45 of the Complaint.

46.  Defendant admits that he never returned to work after he was suspended on October 18, 2012.

47.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.

48.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.

49.  Defendant denies the allegations of paragraph 49 of the Complaint.

50.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.

51.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.

52.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.

53.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.

54.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.

55.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.

56.  Defendant denies the allegations of paragraph 56 of the Complaint.

57.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.

58.  Defendant denies the allegations of paragraph 58 of the Complaint.

59.  Defendant denies the allegations of paragraph 59 of the Complaint.

60.  Defendant denies the allegations of paragraph 60 of the Complaint.

61.  Defendant denies the allegations of paragraph 61 of the Complaint.

**Title VII Prerequisites**

62.  Defendant admits that Plaintiff filed a charge with the EEOC.  Defendant states that the charge speaks for itself.

63.  Defendant admits that Plaintiff filed a charge with the EEOC.  Defendant states that the charge speaks for itself.

64.  Defendant admits the allegations of paragraph 64 of the Complaint.

65.  Defendant admits the allegations of paragraph 65 of the Complaint.

**Causes of Action Against CFB**

**Count One: Title VII:  Sexual Harassment**

66.  Defendant denies the allegations of paragraph 66 of the Complaint.

67.  Defendant denies the allegations of paragraph 67 of the Complaint.

### Count Two:  Title VII:  Retaliation

68.  Defendant denies the allegations of paragraph 68 of the Complaint.

69.  Defendant denies the allegations of paragraph 69 of the Complaint.

### Count Three:  Title VII:  Constructive Wrongful Discharge

70.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.

71.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.

### Count Four: Title VII:  Negligent Retention

72.  Defendant denies the allegations of paragraph 72 of the Complaint.

73.  Defendant denies the allegations of paragraph 73 of the Complaint.

### Causes of Action Against CFB and Ang

### Count Five:  Assault

74.  Defendant denies the allegations of paragraph 74 of the Complaint.

75.  Defendant denies the allegations of paragraph 75 of the Complaint.

76.  Defendant denies the allegations of paragraph 76 of the Complaint.

8

**Count Six:  Battery**

77.  Defendant denies the allegations of paragraph 77 of the Complaint.

78.  Defendant denies the allegations of paragraph 78 of the Complaint.

79.  Defendant denies the allegations of paragraph 79 of the Complaint.

**<u>Jury Demand</u>**

80.  Defendant demands trial by jury.

**<u>Prayer for Relief</u>**

81.  Defendant denies that Plaintiff has asserted any claim against it that could support any judgment in her favor against Defendant.  Defendant denies that Ms. Smith is entitled to any relief requested by her, including the relief requested in her Complaint, or to any relief whatever.

**<u>AFFIRMATIVE AND OTHER DEFENSES</u>**

**<u>First Defense</u>**

Plaintiff has failed to state a claim upon which relief can be granted on all claims.

**<u>Second Defense</u>**

Plaintiff's claims are barred to the extent she initiated, consented to, or participated in the alleged wrongful acts complained of.

**<u>Third Defense</u>**

Plaintiff's claims of assault and battery are barred to the extent she consented to the

9

physical contact alleged.

**Fourth Defense**

Plaintiff's claims are barred in whole or in part by her own misconduct.

**Fifth Defense**

Plaintiff is not entitled to the relief requested because the decisions made and actions taken about which she complains were not malicious, egregious, in bad faith, or in willful or reckless indifference or disregard of any legal right of Plaintiff.

**Additional Defenses**

Defendant reserves the right to assert additional affirmative or other defenses based on the facts, law, or circumstances which may be disclosed during this matter.

WHEREFORE, Defendant, Terry Ang, demands judgment against Plaintiff as follows:

1) Dismiss the Complaint in its entirety;

2.) Award Defendant Ang the reasonable costs, including attorney's fees, expended in defending this action; and

3.) Grant Defendant Ang such other and further relief as the Court may deem just and proper.

Respectfully submitted,
**Terry Ang**

    /s/_____
Craig Juraj Curwood
VSB No. 43975
Curwood Law Firm
707 E. Main Street, Suite 1025
Richmond, VA 23219
Telephone: (804) 788-0808
Fax: (804) 767-6777
ccurwood@curwoodlaw.com

*Counsel for Defendant Terry Ang*

## CERTIFICATE OF SERVICE

I certify that on this 23rd day of August, 2013, I electronically filed the foregoing

document with the Clerk of the Court using the ECF system, which will then send a notification

and copy of such filing to:

David R. Simonsen, Jr., Esq.
8003 Franklin Farms Drive, Suite 131
Richmond VA  23229
*Counsel for Plaintiff Kaci Smith*

Jack W. Burtch, Jr., Esq.
Douglas R. Burtch, Esq.
1015 East Main Street
Richmond, Virginia  23219
*Counsel for Defendant Citizens and Farmers Bank*

    /s/_____
Craig Juraj Curwood
VSB No. 43975
Curwood Law Firm, PLC
707 E. Main Street, Suite 1025
Richmond, Virginia 23219
Telephone: (804) 788-0808
Facsimile: (804) 767-6777
ccurwood@curwoodlaw.com